UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20741-CR-Lenard/Garber

UNITED STATES OF AMERICA,

v.

ALEJANDRO HERNANDEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received the defendant Hernandez's Motion to Suppress Physical Evidence and Statements [DE 15] and the government's response in opposition.  A hearing on said Motion was held on December 22nd, 2008. The defendant appeared with his attorney of record, Brian L. Stekloff, Assistant Federal Public Defender, and the government was represented by Assistant United States Attorney Christopher A. Angell.

## FACTUAL BACKGROUND

Officer Della Oros of the Metro Dade Police Department, on March 22, 2008, was dispatched to the scene of an alleged aggravated assault with a firearm.  On arriving at the scene, Officer Oros was advised by one Jose Martinez, the alleged victim, that he had been approached by the defendant Alejandro Hernandez, who was driving a charcoal colored Maxima automobile.  Martinez claimed that the defendant had threatened him with a silver firearm over money that Martinez owed to a third person.  After the defendant had asked Martinez for the money, the defendant lifted his shirt to reveal the firearm that was stuck in his waistband.  The victim Martinez gave a description of the

defendant's vehicle and advised that he knew the defendant from high school. Thereafter, Officer Oros issued a BOLO (Be on the Lookout) for the defendant and his vehicle. At this time, the defendant drove by the police officer's vehicle. The defendant's vehicle was stopped by Officer Oros and Homestead police officers. The defendant got outside of his car and he matched the description of the alleged assailant given by Martinez. The defendant was the only person in the vehicle.

The defendant was asked by Officer Oros to lift up his shirt in order to check for weapons. At this point the defendant fled on foot from the officers but was caught shortly thereafter. He was then searched and was in possession of $1,298.

During the time the defendant had fled the scene, Officer Oros, who remained with the defendant's car, looked inside and observed three small bags containing what appeared to be cocaine located on the driver's side on the floor mat and was thus in plain view. Oros also noticed a firearm protruding from beneath the driver's seat. In addition, also found in the car was a black bag containing sixty-two bags containing a white powder also believed to be cocaine and seven bags containing suspected marijuana. Laboratory tests confirmed that the white powdery substance was indeed cocaine in the amount of 44.4 grams; the other substance was confirmed to be marijuana in the amount of 47.1 grams. The recovered weapon was a .357 revolver and was loaded with bullets.

The defendant, having been previously placed under arrest, was transferred to the police station and was there given his *Miranda* rights from a form which he executed. He agreed to speak with the police officers and stated that he ran because he was scared and needed the weapon because he sells dope. He advised that he had bought the weapon.

Four days following the defendant's arrest, the victim Martinez recanted his original statement given to police on March 22nd. In an affidavit executed by Martinez for defense counsel, he claims

that he did not tell the officers those facts set forth in the affidavit for the defendant's arrest. He now claims that the defendant was with another person in his vehicle and that it was the other person that exhibited the weapon, not the defendant.

## DISCUSSION

At the outset, the Court finds that the stop and search of the defendant's vehicle was lawful. The vehicle was stopped based upon a complaint by Martinez that he had been the victim of an aggravated assault with a weapon, committed by the defendant, whom he knew. Although Martinez, in his affidavit executed subsequent to the defendant's arrest, recants some of the information that he originally supplied to Officer Oros, at the time of the issuance of the BOLO, Officer Oros had sufficient probable cause to stop the defendant's vehicle. The Court finds that the testimony of Officer Oros and Detective Alexis Hernandez of Metro Dade Police Department, who was present and participated in giving the defendant his *Miranda* rights, are highly credible and is essentially un-rebutted by the defendant.

In considering an arrest pursuant to a BOLO, it is necessary to consider (1) the length of time and distance from the offense; (2) the route of the flight; (3) the specificity of the description of the vehicle and its occupants; and (4) the source of the BOLO information. *Cassidy v. McNeil*, 2008 WL 2567658 (M.D. Fla. 2008); *Hunter v. State*, 660 So.2d 244 (la. 1995). Here, Officer Oros arrived at the scene of the alleged offense approximately 27 minutes after her having been dispatched to the scene and was there given a description of the vehicle and also advised that he knew the defendant. During this interview, the defendant drove by Officer Oros in the described vehicle. Such facts satisfy the requirements of *Cassidy* and *Hunter*.

The defendant allegedly made spontaneous statements to the victim Martinez. He asked for money and stated that "I don't care if you call the cops; I'll fight a war with them too." None of such statements were custodial and were not in response to questioning by police. Accordingly, such spontaneous statements are not subject to suppression.

The testimony at the hearing clearly revealed that the defendant, after having been arrested and handcuffed, was read his *Miranda* rights by Detective police and freely and voluntarily executed a *Miranda* waiver form prior to making any statements to the police. The defendant, in his Motion, has not suggested that coercion was utilized by the police in order for him to waive his rights. Accordingly, the Court finds that the defendant's post arrest statements were given freely and voluntarily following his receipt of his *Miranda* rights and his waiver of same and are thus admissible at trial.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Hernandez's Motion to Suppress Physical Evidence and Statements be DENIED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Joan A. Lenard. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 30th day of December, 2008.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE